JACOB GRAVES, in error, *vs.* AUGUSTUS F. SMART.

Kennebec. Opinion, June 21, 1883.

*Error. Sheriff. Deputy. Coroner. Service.*

Where the sheriff is also a coroner and the writ is directed to a coroner, the service is illegal if made by him as sheriff, when his. deputy is a party to the action.

Where there has been no legal service and no appearance by the defendant, and the defendant is an inhabitant of another state, the court has no jurisdiction and a judgment by default is erroneous and will be reversed.

ON REPORT.

The opinion states the case and material facts.

*Clay and Clay*, for the plaintiff, in error, cited: *Dane* v. *Gilmore*, 51 Maine, 544; *Gage* v. *Graffam*, 11 Mass. 181; Spaulding's Practice, 70; *Bank* v. *Cook*, 4 Pick. 405; R. S., c. 102, § 8; *Starbird* v. *Eaton*, 42 Maine, 569.

*S. and L. Titcomb*, for the defendant, in error.

When a defendant is absent and has no actual notice of the writ, it is in the discretion of the presiding judge to enter up judgment on default or continue for judgment. The exercise of this discretion cannot be reversed on error. *Lovell* v. *Kelley*, 48 Maine, 263.

Stat. 1872, c. 14, as amended by stat. 1879, c. 82, authorizing any writ or precept in which the deputy of a sheriff is a party to be served by any other deputy of the same sheriff, must be construed by necessary implication as giving the sheriff the same power conferred upon his deputy for whose official acts he is liable. If a deputy in his official capacity commits an illegal act, the sheriff is liable therefor. Can the sheriff be held responsible for the acts of the deputy and still have no power to perform the same acts himself?

APPLETON, C. J. This is a writ of error to reverse a judgment of the superior court of Kennebec county.

The writ in the original action was directed to a coroner, the plaintiff therein being a deputy sheriff. It was served by the sheriff of the county, by an attachment of real estate, the plaintiff in error, being an inhabitant of Massachusetts, but no personal service was made on him. Notice by publication was ordered and given, but there was no appearance and judgment was rendered on default.

One deputy cannot serve on another except by statutory authorization. *Brown* v. *Gordon*, 1 Greenl. 165; *Douglass* v. *Gardner*, 63 Maine, 462.

A service by one unauthorized to serve, is void. *Hart* v. *Huckins*, 6 Mass. 400.

While by stat. 1879, c. 82, it is provided that "any writ or precept in which the deputy of a sheriff is a party, may be

served by another deputy of the same sheriff," no authority is given to the sheriff to serve any precept upon his deputies.

The writ was properly directed to a coroner. The direction to the sheriff was stricken out. The service was made by the sheriff. It matters not that the sheriff was at the same time a coroner. He did not act as such, as appears by his return. It follows that there has been no legal service. It was not in accordance with the mandate of the writ, nor by one authorized to serve.

There being no legal service and no appearance, such want of legal service is error. The court had no jurisdiction. *The Wilton Man. Co.* v. *Woodman*, 32 Maine, 185; *Gay* v. *Richardson*, 18 Pick. 417. There being no sufficient service upon the plaintiff in error to authorize the rendition of judgment against him, it must be reversed, for want of jurisdiction. *Smith* v. *Paige*, 4 Allen, 94. The jurisdiction of the court is not admitted by suffering a default, the defendant not being within its jurisdiction. *Jewell* v. *Brown*, 33 Maine, 251. Without complete jurisdiction, no valid judgment can be rendered. *Penobscot R. R. Co.* v. *Weeks*, 52 Maine, 457.

In *Lovell* v. *Kelley*, 48 Maine, 263, the plaintiff in error was an inhabitant of the state, and service was made by leaving a summons at his last and usual place of abode. Not so, in the case at bar.

*Judgment reversed.*

BARROWS, DANFORTH, VIRGIN and SYMONDS, JJ., concurred.